FILED
SUPERIOR COURT
OF GUAM

2021 NOV 22 PM 12: 07

CLERK OF COURT

BY:

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| ATTORNEY GENERAL OF GUAM, GOVERNMENT OF GUAM, <br><br> Plaintiff, <br><br> vs. <br><br> TELEGUAM HOLDINGS, INC., dba GTA, <br><br> Defendant. | Civil Case No. CV0217-21 |
| TELEGUAM HOLDINGS, LLC, dba GTA, <br><br> Counterclaim Plaintiff, <br><br> vs. <br><br> ATTORNEY GENERAL OF GUAM, GOVERNMENT OF GUAM, <br><br> Counterclaim Defendant. | **DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on September 2, 2021 for a motion hearing on the Defendant/Counterclaim Plaintiff's Motion to Disqualify Assistant Attorney General Benjamin Paholke. Plaintiff and Counterclaim Defendant Attorney General of Guam and Government of Guam ("Government") are represented by Assistant Attorney General Joseph Perez, Benjamin Paholke, James Canto and Jordan Pauluhn. Defendant and Counterclaim Plaintiff Teleguam Holdings LLC, dba GTA, named in the Complaint as

Teleguam Holdings, Inc., dba GTA (hereinafter "GTA") is represented by Attorneys Anita Arriola and Nicole Cruz.

Having considered the arguments, pleadings and applicable law, the Court hereby **GRANTS** the Motion to Disqualify Assistant Attorney General Benjamin Paholke from all stages of the litigation.

### BACKGROUND

This case arises out of the Complaint for Injunctive Relief, Restitution, Disgorgement and Rescission of Contract filed by the Government on February 26, 2021, alleging that GTA violated the Deceptive Trade Practices Act by passing on the Business Privilege Tax ("BPT") to customers as an illegal surcharge above the price of goods and services that it represented to customers. On March 23, 2021, Defendant/Counterclaim Plaintiff GTA filed its Answer; Affirmative Defenses and Counterclaim, alleging that the Complaint was groundless, brought in bad faith, and brought for the purposes of harassment.

On May 24, 2021, the Government filed its Motion to Dismiss Defendant's Counterclaim and Strike Portions of Defendant's Pleading[1] ("Motion to Dismiss and Strike"). GTA filed its Memorandum of Points and Authorities in Opposition to Plaintiff's Motion to Dismiss and Motion to Strike on July 2, 2021. On July 16, 2021, the Government filed its Reply to Defendant's Opposition. A hearing on the Motion to Dismiss and Strike was held on July 22, 2021; however the motion was held in abeyance until resolution of the Motion to Disqualify Assistant Attorney General Benjamin Paholke ("Motion to Disqualify"), which was filed by GTA along with a supporting declaration on July 14, 2021.

[1] Originally titled "Government's Motion to Amend its Complaint, Strike Portions of Defendant's Pleading, and Dismiss Defendant's Counterclaims." The title of this pleading was changed on May 25, 2021 through the Government's filing of the *Errata* to Correct the Caption and Footers of the Government's Motion to Dismiss.

On August 12, 2021, the Government filed its Opposition to GTA's Motion to Disqualify. On August 25, 2021, GTA filed its Reply to the Government's Opposition. A hearing on the motion was held on September 2, 2021, at which point this Court took the matter under advisement.

On September 3, 2021, without leave of Court, the Government filed a Notice of Supplemental Authority regarding its Opposition to GTA's Motion to Disqualify ("Government's Notice of Supplemental Authority"). On September 7, 2021, GTA filed its Reply to the Government's Notice of Supplemental Authority, requesting that the Court disregard the Government's Notice of Supplemental Authority and award GTA attorney's fees for its reply under CVR 7.1(k) and GR 2.1. GTA also filed Supplemental Documents in Support of GTA's Motion to Disqualify on October 14, 2021, to include Objections and Responses to GTA's Second Set of Interrogatories and Second Request for Production of Documents; and the Rule 33 Oath Signed by Assistant Attorney General Benjamin Paholke.

## DISCUSSION

I. **DISQUALIFICATION OF ASSISTANT ATTORNEY GENERAL PAHOLKE IS PROPER UNDER RULE 3.7 OF THE GUAM RULES OF PROFESSIONAL CONDUCT.**

The Guam Supreme Court has held that "disqualification is a drastic course of action that should not be taken simply out of hypersensitivity to ethical nuances or the appearance of impropriety." *Barrett-Anderson v. Camacho*, 2018 Guam 20 ¶ 14 (quoting *Roush v. Seagate Tech.*, LLC, 58 Cal. Rptr. 3d 275, 281 (Ct. App. 2007)). However, an attorney may be disqualified where the "continued representation of a party or participation in an action violates or significantly risks violating the Guam Rules of Professional Conduct." *Id.* ¶ 20. Disqualification is not appropriate for *potential* conflicts, but rather for "inevitable and material conflicts." *Id.* ¶ 17. A trial court has substantial latitude in deciding the disqualification of

counsel. *See United States v. Zichettello*, 208 F.3d 72, 104 (2d Cir. 2000) (citing *Wheat v. United States*, 486 U.S. 153, 163 (1988)); *see also Whiting Corp. v. White Mach. Corp.*, 567 F.2d 713, 715 (7th Cir. 1977) (citing *Schloetter v. Railoc of Indiana, Inc.*, 546 F.2d 706 (7th Cir. 1976)).

Disqualification may be an appropriate remedy under Guam Rule of Professional Conduct 3.7(a), which states:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a *necessary witness* unless:
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
> (3) disqualification of the lawyer would work substantial hardship on the client.

Guam R. Prof'l Conduct 3.7(a) (emphasis added). An attorney may be a necessary witness when the attorney's testimony is relevant and material, and he is the primary or only source of testimony regarding a relevant fact. *Guam Election Comm'n v. Responsible Choices for all Adults Coal.*, 2007 Guam 20, ¶ 89. Normally, "'[a] tribunal should not permit a lawyer to call opposing trial counsel as a witness unless there is a compelling need for the lawyer's testimony,' in part because it may interfere with counsel's function as an advocate." *Guam Election Comm'n v. Responsible Choices for all Adults Coal.*, 2007 Guam 20, ¶ 88 (citing Restatement (Third) of Law Governing Lawyers § 108(4) & cmt. b). A party seeking testimony from an advocate-witness must show that the evidence is vital to the case and that such evidence cannot be obtained from another source. *Id.* "A necessary witness is not the same thing as the 'best' witness." *Harter v. Univ. of Indianapolis*, 5 F.Supp.2d 657, 665 (S.D. Ind. 1998). "Where counsel's testimony would be merely cumulative of testimony provided by others, disqualification is not appropriate." *Finkel v. Frattarelli Bros.*, 740 F. Supp. 2d 368, 375 (E.D.N.Y. 2010). However, "[w]hether a defending or prosecuting attorney may testify in a case

he is trying is within the discretion of the district court." *Guam Election Comm'n v. Responsible Choices for all Adults Coal.*, 2007 Guam 20, ¶ 88 (citing *United States v. Watson*, 952 F.2d 982, 986 (8th Cir.1991)). Further, an attorney who signs interrogatories may become a necessary witness because interrogatory answers may be used at trial as permitted by the Rules of Evidence. *See Villareal v. El Chile, Inc.*, 266 F.R.D. 207, 211 (N.D. Ill. 2010), *Saria v. Massachusetts Mut. Life Ins. Co.*, 228 F.R.D. 536, 538–39 (S.D.W. Va. 2005); *see also* Guam R. Civ. P. 33 (interrogatories are to be answered by the party served, or "if the party served is a public or private corporation or a partnership or association or governmental agency, by any officer or agent, who shall furnish such information as is available to the party.").

Guam Rule of Professional Conduct 3.7 was adopted from the 2002 ABA Model Rule, Comment 2 of which states that the opposing party has a proper objection when an attorney's role as advocate-witness may prejudice the objecting party. *See* Model Rules of Prof'l Conduct, R. 3.7, cmt. 2. This is because "[a] witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof." *Id*. In addition to potentially confusing the trier of fact, the advocate-witness rule addresses the danger that a testifying attorney may not be a fully objective witness. *United States v. Jones*, 600 F.3d 847, 862 (7th Cir. 2010) (citing *United States v. Morris*, 714 F.2d 669, 671 (7th Cir.1983)); *In re Leventhal*, No. 10 B 12257, 2012 WL 1067568, at *2 (Bankr. N.D. Ill. Mar. 22, 2012). Rule 3.7 also aims to prevent substantial hardship to a client. Where a party has alternative representation in place, this fact decreases the likelihood of substantial hardship arising from the disqualification of that party's attorney. *Fognani v. Young*, 115 P.3d 1268, 1276 (Colo. 2005).

Here, Paholke's testimony is relevant and material to GTA's affirmative defenses and counterclaims, to include failure to state a claim upon which relief may be granted, estoppel, laches, waiver, failure to exhaust administrative remedies, and its counterclaims that the Complaint is groundless, made in bad faith, and brought for purposes of harassment. Paholke drafted and verified objections and responses to GTA's interrogatories, authored and sent Civil Investigative Demands to GTA, demanded documents from and investigated GTA's actions involving the BPT increase almost one year after GTA had provided information to the AG's office and was allegedly led to believe that the matter had been resolved. Furthermore, GTA informed Paholke about the General Exchange Tarrif No. 1 and Public Utilities Order it believed authorized GTA to charge its customers the BPT. Because Paholke is the only person who signed and verified the interrogatory responses on behalf of the Government, he is the only witness who can attest to his answers, whether he reviewed the responses for accuracy, and what information was available to him. Although the Government argues that the answers to interrogatories relate to uncontested issues and were the equivalent of authenticating underlying documents, a review of the interrogatory answers suggests that some of the topics are clearly contested by GTA and that the answers did not merely authenticate underlying documents. Further, Paholke communicated through phone calls and emails with James Hoffman, Chief Legal Officer of Docomo Pacific Inc., who also filed a consumer complaint against GTA. The other consumer complaint against GTA was filed by Frank Cruz, who admitted that he did not complain to GTA before filing the complaint, despite his statements to the contrary. GTA seeks to question Paholke about the nature of these communications and what investigations were made. Because of Paholke's central role and relation to GTA's defenses and counterclaims, GTA alleges that Paholke's testimony is not only relevant and material, but unobtainable elsewhere.

In its Amended Initial Disclosures, GTA listed Paholke as a person with discoverable information. *See* Decl. of Anita P. Arriola (Jul. 14, 2021), Ex. R. GTA has already deposed Paholke once and seeks to depose him a second time. GTA has also indicated its intent to call Paholke as a witness at trial. Because GTA claims that the Complaint was groundless, brought in bad faith and for purposes of harassment, Paholke is unlikely to be an objective witness because his testimony will concern the manner in which he investigated GTA, the reasons for his actions, and will put his conduct as a professional at issue. Thus, he will have reason to cast his conduct in light favorable to himself. GTA also claims that Paholke's representation of the Government severely prejudices GTA because his statements may create confusion as to whether he is acting as advocate or witness, and may also be confusing or misleading to the Court. Based on these arguments, the Court finds that Paholke's testimony is not only relevant and material, but that he is the only source of certain information sought by GTA. The court further finds that these circumstances create a conflict of interest warranting disqualification.

Additionally, there is no risk of "substantial hardship" to the Government if Paholke is disqualified as counsel because there are other Assistant Attorney Generals participating in this matter and as such, there is substitute counsel available. Therefore, this consideration weighs in favor of disqualification. For the reasons stated above, the Court disqualifies Assistant Attorney General Paholke from representing the Government as counsel in this matter.

II.   **DISQUALIFICATION IS PROPER UNDER RULE 1.7 BECAUSE PAHOLKE'S DUAL ROLE AS ADVOCATE-WITNESS PRESENTS A CONFLICT OF INTEREST.**

Paholke's dual role of advocate and witness also presents a conflict of interest under Guam Rule of Professional Conduct 1.7. Pursuant to Rule 1.7(a)(2), a lawyer shall not represent a client where there is a significant risk that the representation of one or more clients will be materially limited by "a personal interest of the lawyer." The standard for attorney

disqualification due to a conflict of interest is "whether an attorney's continued representation of a party or participation in an action violates or significantly risks violating the Guam Rules of Professional Conduct." *Barrett-Anderson*, 2018 Guam 20 ¶ 20. When an attorney becomes a witness, his loyalties may be divided between his personal interests in protecting his reputation and his client's right to effective representation. *United States v. Smith*, No. 17-CR-00020, 2017 WL 4225630, at *6 (D. Guam 2017); *see also Jamieson v. Slater*, No. CV 06-1524-PHX-SMM, 2006 WL 3421788, at *6 (D. Ariz. 2006).

Here, GTA has placed Paholke's actions and conduct in question through its defenses and counterclaims. The probity of Paholke's conduct is at issue in relation to GTA's allegations that Paholke communicated with Docomo representatives and pursued this action despite GTA's contention that the Complaint is groundless, brought in bad faith and for the purposes of harassment. Thus, he may be unable to provide detached legal advice and zealously represent the Government, while also defending his credibility and actions. Because Paholke has a personal interest in protecting his actions and reputation, the Court finds there is a significant risk that his continued representation of the Government in this matter would violate Rule 1.7 of the Guam Rules of Professional Conduct. Furthermore, it is possible that his testimony could be adverse to the Government. This circumstance presents a conflict of interest under Rule 1.7, which this court finds warrants disqualification at trial and in pre-trial matters.

**III. GOVERNMENT ATTORNEYS ARE SUBJECT TO THE GUAM RULES OF PROFESSIONAL CONDUCT AND THIS ACTION IS NOT BROUGHT *PRO SE*.**

The Government contends in its Opposition to GTA's Motion to Disqualify that this action involves one plaintiff, namely the Attorney General of Guam in the name of the Government of Guam. Opp'n (Aug. 12, 2021) at 3. The Court recognizes that the Attorney General of Guam is the Chief Legal Officer of the Government of Guam, and may conduct

civil actions on behalf of the Government of Guam. *GIAA v. Moylan*, 2005 Guam 5 ¶ 19; 5 GCA § 30109(c) (2003); 48 U.S.C.A. § 1421g (West). Here, the Complaint states that this "is an action brought by the Attorney General of Guam in the name of the Government of Guam under 5 GCA § 32116." Compl. ¶ 3.

Although the OAG admits that this suit is brought on *behalf* of the Government of Guam, it cites to *Barrett-Anderson* to support its argument that this action is being brought *pro se* by the Government, and as such, certain rules of the Guam Rules of Professional Conduct do not apply to Assistant Attorney General Paholke. The Court is unconvinced by this argument. In *Barrett-Anderson*, the Attorney General herself brought a suit against the Governor and Department of Revenue and Taxation (DRT) on behalf of herself and her office. The Supreme Court found that because Attorney General Elizabeth Barrett-Anderson was "bringing the suit on her own behalf," Rule 1.7 was not implicated. *Barrett-Anderson*, 2018 Guam 20 ¶ 26. This is distinguished from the current matter, where the Complaint is brought by the Attorney General's Office on behalf of the Government of Guam. Thus, the Government's reliance on *Barrett-Anderson* is misplaced. In fact, the Supreme Court in *Barrett-Anderson* rejected the Attorney General's request for flexibility under the Guam Rules of Professional Conduct based on her position as the Chief Legal Officer for the government of Guam, noting that the rules allow courts to "'protect the public and maintain public confidence in the legal profession.'" *Id.* at ¶ 24 (citing *Iowa Sup. Ct. Att'y Disciplinary Bd. v. Deremiah*, 875 N.W.2d 728, 737 (Iowa 2016).

Although the OAG cites to numerous cases to support its argument that certain Rules of Professional Conduct do not apply in this case because the Attorney General's Office is a lawyer-litigant bringing this action *pro se*, none of these cases are factually or legally similar to

the case at bar. The Court finds that the action is not brought *pro se*; and that the Guam Rules of Professional Conduct apply to Assistant Attorney General Paholke.

## IV. PAHOLKE'S CONFLICT OF INTEREST WARRANTS DISQUALIFICATION FROM ALL STAGES OF THE LITIGATION.

Rule 3.7 provides that a lawyer-witness may be disqualified from acting as an advocate at trial, while Rule 1.7 bars representation when a concurrent conflict of interest exists. Courts have also found that in certain circumstances, an attorney-witness may be disqualified from representation in pre-trial matters. *See Lange v. Orleans Levee Dist.*, No. 97-987, 1997 WL 668216, at *3 (E.D. La. Oct. 23, 1997) (finding that an attorney may be disqualified from representation at any stage of the proceedings "where the lawyer-witness' testimony is likely to be prejudicial to his client."); *see also Guar. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.*, No. 90-2695, 1993 WL 165690, at *8 (E.D. La. May 10, 1993) (disqualifying attorneys for all purposes in the litigation where the Court determined that they were likely to be called as witnesses and their actions were at issue). In making these determinations, a critical inquiry is whether the litigation can be conducted in fairness to all parties. *See World Youth Day, Inc. v. Famous Artists Merch. Exch., Inc.*, 866 F. Supp. 1297, 1303 (D. Colo. 1994) (where district court disqualified attorney-witness from certain pre-trial and trial matters); *Lafond Family Tr. v. Allstate Prop. & Cas. Ins. Co.*, Civil Action No. 19-CV-00767-KLM, 2019 WL 3734459 at *6 (D. Cob. Aug. 8, 2019) (wherein district court disqualified attorney-witness from taking or defending depositions where he could challenge responses based on his recollection, thereby prejudicing the opposing party).

Here, there is a conflict of interest between Paholke as necessary witness, wherein he has a personal interest in defending his conduct and reputation, and Paholke as attorney, where he has a duty to zealously represent the interests of the Government. The conflict of interest

exists because Paholke's testimony may be adverse to the Government, and his own actions are at issue as they relate to GTA's defenses of failure to state a claim, estoppel, waiver, laches, and GTA's counterclaims. For example, if Paholke's actions are found to be in bad faith, groundless or harassing, his actions could harm the Government and lead to liability. Due to the seriousness of this conflict of interest, the Court finds that allowing Paholke to continue to act as counsel in this matter would taint this case, and that Paholke should be disqualified from all stages of this litigation.

## V.      THE GOVERNMENT HAS NOT SHOWN THAT THIS MOTION WAS BROUGHT FOR TACTICAL ADVANTAGE.

Disqualification should not be sought for tactical advantage. *Barrett-Anderson*, 2018 Guam 20 ¶ 20. Although throughout the Government's Opposition it makes conclusory arguments that the attempt to disqualify Paholke is brought for tactical advantage, the court is not persuaded. The Government argues that "[g]iven the lack of merit in GTA's legal position and its unwillingness to accommodate opposing counsel's scheduling requests at almost every turn, one can reasonably conclude that tactical advantage is the only true motive of GTA's present motion." Opp'n at 15. However, as discussed above, the Court does not find that GTA's legal position lacks merit. The Court also does not find that failing to accommodate scheduling requests necessarily leads to an inference that this motion is brought for tactical gain. Without more, the Court cannot conclude that this motion is brought for tactical advantage.

## VI.     THE COURT DISREGARDS SUPPLEMENTAL AUTHORITY FILED BY THE GOVERNMENT BUT DECLINES TO IMPOSE SANCTIONS.

In GTA's Reply to the Government's Notice of Supplemental Authority, it requested that the Court disregard the Government's Notice of Supplemental Authority and award GTA attorney's fees for its reply under CVR 7.1(k) (providing that the Court "need not consider

motions, oppositions to motions or briefs or memoranda that do not comply with this Rule") and GR 2.1 (providing that failure to conform to rules "shall subject the offending party or counsel to such penalties, including monetary sanctions and/or the imposition of costs and attorney's fees to opposing counsel."). Here, the Government did not request leave of Court to file supplemental authority after this court took the matter under advisement. Consequently, the Court will disregard the Government's supplemental authority filed on September 3, 2021 and warns the Government that failure to follow the rules could lead to imposition of sanctions or attorney's costs.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** the Motion to Disqualify Assistant Attorney General Benjamin Paholke from representing the Government at all stages of this litigation.

**IT IS SO ORDERED** ___NOV 2 2 2021___.

**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam

SERVICE VIA E-MAIL
I acknowledge that an electronic
copy of the original was e-mailed to:

Date: _____ Time: 11/22/21
Joseph Bamba, Jr.

Deputy Clerk, Superior Court of Guam